Loren N. Brown, J.
The defendant moves pursuant to CPL 210.20 (subd 1, par [d]) to dismiss an indictment charging him with robbery in the first degree in violation of section 160.15 of the Penal Law. Defendant contends that he has immunity from prosecution with respect to the offense charged pursuant to CPL 190.40. It is factually undisputed that the defendant was subpoenaed to testify before the Grand Jury which indicted him, but the testimony given by the defendant was not relative to the criminal charge specified in the robbery indictment. The testimony of the defendant before the Grand Jury was examined by the court and it, in fact, related to an event which occurred subsequent to the alleged robbery for which defendant was indicted and resulted in an indictment against *793 another person for an unrelated charge. Said other person was, however, a codefendant in the alleged robbery and was also indicted for that crime.
The Saratoga County District Attorney, in his answering affidavit, asserts that the Grand Jury voted affirmatively on the robbery indictment in which defendant and codefendant were accused prior to hearing evidence in the unrelated case wherein the codefendant was indicted for the unrelated charge.
It is the court’s opinion that the testimony compelled of the defendant by virtue of the subpoena in the unrelated charge could have an incriminating effect on the defendant in the robbery case if only because an admission was made establishing that defendant was in the company of the codefendant soon after the alleged robbery. The court finds, however, that suppression would be the proper remedy for those admissions taken from defendant in derogation of his constitutional rights in the unrelated Grand Jury proceeding. It is the court’s opinion that CPL 190.40 contemplates that before immunity is automatically received, the testimony compelled must be in the applicable proceeding.
Defendant’s motion for dismissal pursuant to CPL 210.20 (subd 1, par [d]) is in all respects denied.